UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:14-cv-14370-ROSENBERG/LYNCH

DERRIS MCGEE,

    Plaintiff,

v.

FAMILY DOLLAR STORES OF FLORIDA, INC.,

    Defendant.
_____/

### ORDER DENYING SETTLEMENT APPROVAL WITHOUT PREJUDICE

**THIS CAUSE** is before the Court upon the parties' Joint Motion to Approve FLSA Settlement and for Dismissal with Prejudice [DE 73], which asks the Court to approve the parties' settlement agreement pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). The Court has carefully reviewed the joint motion, as well as the settlement agreement attached thereto, and is otherwise fully advised in the premises. For the reasons set forth below, the parties' request for settlement approval is **DENIED** without prejudice.

### I.    PROCEDURAL HISTORY

In August 2014, Plaintiff filed a complaint in the Florida Circuit Court for the 19th Judicial Circuit in and for St. Lucie County, Florida, seeking unpaid minimum and unpaid overtime wages. *See* DE 1-1. Defendant removed the action to this Court in September 2014. *See* DE 1. Defendant answered the complaint on October 7, 2014. *See* DE 4. Plaintiff filed a statement of claim on November 21, 2014, *see* DE 15, and Defendant filed a response thereto on December 8, 2014, *see* DE 21. The case proceeded through discovery, which was set to end on July 31, 2015. *See* DE 19.

On June 30, 2015, at the request of the parties, the Court stayed the proceedings for ninety days to allow the parties to participate in an omnibus mediation encompassing multiple plaintiffs'

claims against Defendant. *See* DE 32-33. After the parties informed the Court that the mediation had not resulted in a settlement of Plaintiff's claims, on October 8, 2015, the Court re-opened the case and set trial for March 2016. *See* DE 36-37. The case again proceeded through discovery. Plaintiff filed multiple motions to compel. *See* DE 44-54. The parties filed cross-motions for summary judgment, *see* DE 56 and 60, and multiple motions in limine. *See* DE 55, 57, 59. Plaintiff also moved to amend his complaint to clarify an allegation regarding the accuracy of Defendant's time records and dropping his minimum wage claim. *See* DE 41. This motion was referred to Magistrate Judge Lynch, who recommended that the Court grant it. *See* DE 69, 70.

Before the Court issued an order either adopting or declining to adopt that recommendation, on January 19, 2016, the parties informed the Court that they had reached a settlement. *See* DE 71. On February 5, 2016, they filed the present motion for settlement approval. *See* DE 73. The parties' proposed settlement agreement provides that Defendant will pay Plaintiff $14,000 allocated as follows: $3,000 to Plaintiff for unpaid wages; $3,000 to Plaintiff for liquidated damages; and $8,000 to Plaintiff's counsel for attorneys' fees, costs, and disbursements. *See* DE 73-1 at 1. The parties' joint motion explains that, of the $8,000 allocated to fees and costs, $3,699.53 of that amount is recoverable costs. *See* DE 73 at 2 ¶ 5.

## II.   LEGAL STANDARD

Because FLSA rights cannot be abridged by contract or otherwise waived, claims arising under the FLSA may be settled only with the approval of the Court or the Secretary of Labor. *See Lynn's Food*, 679 F.2d at 1352-53. In a suit brought by employees under the FLSA, the Court must determine whether a settlement proposed by the employer and employees "is a fair and reasonable resolution." *Id.* at 1354. In doing so, the Court considers such factors as "(1) existence of fraud; (2) complexity of the case; (3) the point of the proceedings when the settlement occurs; (4) the probability of success on the merits; (5) the range of possible recovery; and (6) counsel's opinion."

*McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-60322-CIV, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010) (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)); *see also Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n.*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994). Finally, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

### III. ANALYSIS

On the present record, the Court cannot find that the parties' settlement agreement is fair and reasonable. The Court questions the amount of Plaintiff's counsel's fees and costs. It is unclear whether the amount of fees and costs was calculated as a percentage of the total settlement amount, or as the product of counsel's hourly rate and time spent working on this case. If it was the latter, the Court notes that Plaintiff's counsel has submitted no affidavit or other evidence supporting the reasonableness of the amount of fees and costs. *See Comstock v. Fla. Metal Recycling*, *LLC*, No. 08-81190-CIV, 2009 WL 1586604, at *2 (S.D. Fla. June 5, 2009) ("In assessing the reasonableness of attorney's fees to be awarded following an FLSA settlement, courts use the lodestar method. . . . Thus, the plaintiff's attorney must provide the court with documentation showing the number of hours expended, as well as support for the claimed hourly rate."). Although the Court recognizes that this case involved significant motion practice, as described *supra*, without further information the Court cannot determine whether the fees requested are reasonable compensation.

The Court will allow the parties to file a renewed motion for settlement approval. In addition to explaining how Plaintiff's attorney's fees and costs were calculated and demonstrating why that amount is reasonable, any renewed motion should do the following:

  a. State whether the settlement agreement would result in a complete recovery of all wages

      that Plaintiff claimed to be owed.

    b. Explain, with specificity, the nature of the parties' bona fide dispute and why the settlement agreement represents a fair and reasonable resolution of that dispute, in light of the six factors outlined above.

Failure to comply with these requirements may result in denial of the motion for settlement approval.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The parties' Joint Motion to Approve FLSA Settlement and for Dismissal with Prejudice [DE 73] is **DENIED** without prejudice.

2. On or before **Friday, February 26, 2016**, the parties may file a renewed request for settlement approval. **Failure to timely file a renewed joint motion and proposed settlement may result in the entry of a final order of dismissal without prejudice without further notice.**

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 19th day of February, 2016.

*/s/ Robin L. Rosenberg*
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record